

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2009 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09 **CR 09 00805** |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B), (d)(2): Illegal Fish Trafficking; 18 U.S.C. § 545: Smuggling Fish into the United States; 18 U.S.C. § 1519: Alteration or Falsification of Documents; 18 U.S.C. § 554: Smuggling Fish From the United States; 18 U.S.C. § 2(b): Causing an Act to Be Done] |
| RIVER WONDERS LLC, ISAAC ZIMERMAN, and LEONORE CATALINA ZIMERMAN, | |
| Defendants. | |

The Grand Jury charges:

INTRODUCTION

At all times relevant to this Indictment:

1.   California Code of Regulations, Title 14, Section 671(a) and (c)(5)(D)(2), made it unlawful for any person to import, transport, or possess any species of Serrasalmus, Serrasalmo, Pygocentrus, Taddyella, Rooseveltiella, and Pygopristi, commonly known as Piranha.  All references to

BTG:btg

"Piranha" in the Indictment are to fish covered by the aforementioned Section of the California Code of Regulations.

2.   California Fish and Game Code, Section 2118(e), made it unlawful for any person to import, transport, or possess any species of Piranha.  All references to "Piranha" in the Indictment are to fish covered by the aforementioned Section of the California Fish and Game Code.

3.   California Code of Regulations, Title 14, Section 671(a) and (c)(6)(B), made it unlawful for any person to import, transport, or possess any of the family Potamotrygonidae, commonly known as River Stingrays.  All references to "River Stingrays" in the Indictment are to fish covered by the aforementioned Section of the California Code of Regulations.

4.   The Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") protected certain species of fish, wildlife and plants against overexploitation by regulating trade in the species.  Protected species were listed in appendices to CITES.  Arapaima gigas was a fish listed as an Appendix II species under CITES.  A CITES permit issued by the country of origin was required before Arapaima gigas could be imported into the United States.  A CITES permit issued by the United States was required before Arapaima gigas could be exported to another country.

5.   These Introductory Allegations are hereby re-alleged and incorporated by reference into each and every count of this Indictment.

COUNT ONE

[18 U.S.C. § 371]

A.   THE OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing to on or about December 14, 2004, in Los Angeles County, within the Central District of California, and elsewhere, defendants RIVER WONDERS LLC ("RIVER WONDERS"), ISAAC ZIMERMAN, and LEONORE CATALINA ZIMERMAN ("CATALINA ZIMERMAN"), and others both known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to traffic in prohibited fish with a market value in excess of $350, in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B).

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be carried out, in substance, as follows:

1.   Defendants RIVER WONDERS and ISAAC ZIMERMAN would import Piranha and River Stingrays into California.

2.   Defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN would advertise Piranha and River Stingrays for sale on the internet.

3.   Defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN would discuss purchasing Piranha and River Stingrays with potential customers.

4.   Defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN would take orders for Piranha and River Stingrays from customers outside California.

5.   Defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN would sell Piranha and River Stingrays to customers outside California and cause Piranha and River Stingrays to be transported outside California.

C.   OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object, defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

1.   On or about October 23, 2003, defendants RIVER WONDERS and ISAAC ZIMERMAN brought and imported approximately 827 Piranha and approximately 44 River Stingrays into the United States.

2.   On or about August 25, 2004, defendants RIVER WONDERS and ISAAC ZIMERMAN offered Piranha for sale on RIVER WONDERS' website.

3.   On or about August 30, 2004, defendants RIVER WONDERS and CATALINA ZIMERMAN offered to sell Piranha to an undercover law enforcement officer ("UC").

4.   On or about September 3, 2004, defendant ISAAC ZIMERMAN, in response to a question by the UC about whether ISAAC ZIMERMAN was in the fish business, falsely stated that ISAAC ZIMERMAN raised fish only as a hobby and was not in the fish business, in an attempt to conceal the illegal sales of Piranha and River Stingrays by defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN.

5.  On or about September 3, 2004, defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN possessed River Stingrays with the intent to sell them.

6.  On or about September 7, 2004, defendants RIVER WONDERS and ISAAC ZIMERMAN sold and caused the transportation of approximately two River Stingrays from Los Angeles, California, to Madison, Wisconsin.

7.  On or about September 17, 2004, defendants RIVER WONDERS, ISAAC ZIMERMAN and CATALINA ZIMERMAN possessed Piranha with the intent to sell them.

8.  On or about September 17, 2004, defendant CATALINA ZIMERMAN admitted in a conversation with the UC to possessing Piranha, and asked the UC not to tell anyone about the Piranha, in an attempt to conceal the illegal sales of Piranha by defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN.

9.  On or about September 19, 2004, defendants RIVER WONDERS and ISAAC ZIMERMAN sold and caused the transportation of approximately eight River Stingrays from Los Angeles, California, to Florham Park, New Jersey.

10.  On or about September 24, 2004, defendants RIVER WONDERS and ISAAC ZIMERMAN brought and imported approximately 48 River Stingrays into the United States.

11.  On or about October 13, 2004, defendants RIVER WONDERS and ISAAC ZIMERMAN brought and imported approximately 44 River Stingrays into the United States.

12.  In or about October 2004, defendants RIVER WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN sold and caused the

1  transportation of approximately five Piranha and one River

2  Stingray from Los Angeles, California, to Las Vegas, Nevada.

3      13.  On or about October 19, 2004, defendants RIVER WONDERS

4  and ISAAC ZIMERMAN sold and caused the transportation of

5  approximately six River Stingrays from Los Angeles, California,

6  to Florham Park, New Jersey.

7      14.  In or about November 2004, defendants RIVER WONDERS and

8  ISAAC ZIMERMAN sold and caused the transportation of

9  approximately six Piranha from Los Angeles, California, to Las

10  Vegas, Nevada.

11      15.  On or about November 10, 2004, defendants RIVER WONDERS

12  and ISAAC ZIMERMAN brought and imported approximately 52 River

13  Stingrays into the United States.

14      16.  On or about December 12, 2004, defendants RIVER WONDERS

15  and ISAAC ZIMERMAN sold and caused the transportation of

16  approximately ten River Stingrays from Los Angeles, California,

17  to Florham Park, New Jersey.

18      17.  On or about December 14, 2004, defendants RIVER

19  WONDERS, ISAAC ZIMERMAN, and CATALINA ZIMERMAN knowingly

20  possessed approximately 580 Piranha and approximately 30 River

21  Stingrays with the intent to sell them.

22

23

24

25

26

27

28

COUNTS TWO TO FIVE

[16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B); 18 U.S.C. § 2(b)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants RIVER WONDERS LLC and ISAAC ZIMERMAN did knowingly engage in conduct that involved the sale and offering for sale of fish with a market value in excess of $350, namely, River Stingrays, by transporting, selling, receiving, and acquiring, and causing the transportation, sale, receipt, and acquisition, of such fish in interstate commerce, knowing that such fish were taken, possessed, transported, and sold in violation of state law and state regulation, namely, Title 14, California Code of Regulations, Section 671(a) and (c)(6)(B), which prohibited the importation, transportation, and possession of River Stingrays:

| Count | Date | Transportation, Sale, Receipt, or Acquisition |
|-------|------|-----------------------------------------------|
| TWO | September 7, 2004 | Sold and caused the transportation of two River Stingrays from Los Angeles, California, to Madison, Wisconsin. |
| THREE | September 19, 2004 | Sold and caused the transportation of eight River Stingrays from Los Angeles, California, to Florham Park, New Jersey. |
| FOUR | October 19, 2004 | Sold and caused the transportation of six River Stingrays from Los Angeles, California, to Florham Park, New Jersey. |
| FIVE | December 12, 2004 | Sold and caused the transportation of ten River Stingrays from Los Angeles, California, to Florham Park, New Jersey. |

COUNT SIX

[16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2); 18 U.S.C. § 2(b)]

In or about October 2004, in Los Angeles County, within the Central District of California, and elsewhere, defendants RIVER WONDERS LLC, ISAAC ZIMERMAN, and LEONORE CATALINA ZIMERMAN did knowingly engage in conduct that involved the sale and offering for sale of fish, namely, one River Stingray and five Piranha, by transporting, selling, receiving, and acquiring, and causing the transportation, sale, receipt, and acquisition of, such fish in interstate commerce, knowing that such fish were taken, possessed, transported, and sold in violation of state law and state regulation, namely, California Fish and Game Code, Section 2118(e), which prohibited the importation, transportation, and possession of Piranha; Title 14, California Code of Regulations, Section 671(a) and 671(c)(5)(D)(2), which prohibited the importation, transportation, and possession of Piranha; and Title 14, California Code of Regulations, Section 671(a) and (c)(6)(B), which prohibited the importation, transportation, and possession of River Stingrays.

COUNT SEVEN

[16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2); 18 U.S.C. § 2(b)]

In or about November 2004, in Los Angeles County, within the Central District of California, and elsewhere, defendants RIVER WONDERS LLC and ISAAC ZIMERMAN did knowingly engage in conduct that involved the sale and offering for sale of fish, namely, six Piranha, by transporting, selling, receiving, and acquiring, and causing the transportation, sale, receipt, and acquisition of, such fish in interstate commerce, knowing that such fish were taken, possessed, transported, and sold in violation of state law and state regulation, namely, California Fish and Game Code, Section 2118(e), and Title 14, California Code of Regulations, Section 671(a) and 671(c)(5)(D)(2), each of which prohibited the importation, transportation, and possession of Piranha.

COUNT EIGHT

[18 U.S.C. §§ 545, 2(b)]

On or about November 10, 2004, in Los Angeles County, within the Central District of California, and elsewhere, defendants RIVER WONDER LLC ("RIVER WONDERS") and ISAAC ZIMERMAN fraudulently and knowingly imported and brought, and caused to be imported and brought, merchandise, namely, approximately 20 _Arapaima gigas_, into the United States contrary to law. Specifically, on that date, defendants RIVER WONDERS, by and through the actions of its agents and employees, and ISAAC ZIMERMAN, imported and brought, and caused to be imported and brought, approximately 20 _Arapaima gigas_ from Peru into the United States without obtaining a permit, in violation of Title 16, United States Code, Section 1538, and Title 50, Code of Federal Regulations, Section 23.12, and without reporting or declaring such merchandise to officials of the United States Fish and Wildlife Service, in violation of Title 50, Code of Federal Regulations, Section 14.61.

COUNT NINE

[18 U.S.C. § 1519]

In or about November 2004, in Los Angeles County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of a department and agency of the United States, specifically the jurisdiction of the United States Fish and Wildlife Service ("FWS"), defendants RIVER WONDERS LLC ("RIVER WONDERS") and ISAAC ZIMERMAN knowingly altered, covered up, falsified, and made a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter, and in relation to and contemplation of such matter. Specifically, defendants RIVER WONDERS, by and through the actions of its agents and employees, and ISAAC ZIMERMAN, altered, covered up, falsified and made a false entry in a permit required under Title 50, Code of Federal Regulations, Section 23.12, for the importation of Arapaima gigas, in relation to and contemplation of, and with the intent to impede, obstruct, and influence, an investigation into defendant ISAAC ZIMERMAN's importations and exportations of Arapaima gigas.

COUNT TEN

[18 U.S.C. § 554]

On or about April 21, 2008, in Los Angeles County, within the Central District of California, defendants RIVER WONDER LLC ("RIVER WONDERS") and ISAAC ZIMERMAN did fraudulently and knowingly export and send from the United States, and attempt to export and send from the United States, merchandise, namely, approximately two <u>Arapaima gigas</u>, contrary to law and regulation. Specifically, defendants RIVER WONDERS, by and through the actions of its agents and employees, and ISAAC ZIMERMAN, exported and sent, and attempted to export and send, approximately two <u>Arapaima gigas</u> from the United States without a permit, in violation of Title 16, United States Code, Section 1538, and Title 50, Code of Federal Regulations, Section 23.13, and without reporting or declaring such merchandise to officials of the United States Fish and Wildlife Service, in violation of Title 50, Code of Federal Regulations, Section 14.63.

A TRUE BILL

/s/

_____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

DANIEL S. GOODMAN
Assistant United States Attorney
Acting Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes Section

BAYRON T. GILCHRIST
Assistant United States Attorney
Environmental Crimes Section

12